IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Reginald C. Sheftall, Jr.,          )
                                     )
                 Petitioner,         )
                                     )   Civil Action No. 8:17-cv-01955-TMC
        v.                           )
                                     )   **ORDER**
Aaron S. Joyner,                     )
                                     )
                 Respondent.         )
_____)

Petitioner is a state prisoner, proceeding *pro se*, who seeks relief under 28 U.S.C. § 2254. Petitioner filed this Petition for writ of habeas corpus on July 21, 2017. (ECF No. 1). On October 24, 2017, Respondent filed a Motion for Summary Judgment (ECF No. 14). Petitioner filed a Response in Opposition to Respondent's motion (ECF No. 24), and Respondent replied (ECF No. 26). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), which recommends that the Respondent's Motion for Summary Judgment be granted and that the Petition be denied. (ECF No. 36). Petitioner was notified of his right to file objections to the Report. (ECF No. 36-1). Petitioner timely filed objections (ECF No. 38) and amended those objections (ECF No. 40).[1] Respondent replied to the objections. (ECF Nos. 41, 42).

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those

---

[1] The entirety of Petitioner's objections found in docket entry 38 are also included in docket entry 40. Therefore, throughout this order, the court will refer to docket entry 40 when discussing Petitioner's objections.

1

portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Since Petitioner has filed this Petition *pro se*, this court is charged with construing the Petition liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal citations omitted); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, this does not mean that the court can ignore the Petitioner's failure to allege facts that set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## I. BACKGROUND/PROCEDURAL HISTORY

The magistrate judge set forth a detailed account of the facts in her Report. Briefly, on December 12, 2011, Petitioner, represented by Attorney Tonya Jones, pleaded guilty to the following charges: (1) first degree burglary, (2) attempted murder, (3) violation of an order of protection, and (4) possession of a weapon during the commission of a violent crime. (ECF No. 1 at 1). He was sentenced to forty years imprisonment for first degree burglary, thirty years imprisonment for attempted murder, thirty days imprisonment for violation of an order of protection, and five years imprisonment for possession of a weapon during commission of a violent crime. *Id.* at 1. All such sentences are running concurrently. *Id.*

Petitioner directly appealed his conviction and sentence to the South Carolina Court of Appeals on December 19, 2011. (ECF No. 13-3). On March 8, 2012, the appeal was dismissed, (ECF No. 13-5), and on March 30, 2012, the appeal was remitted to the Clerk of Court for Spartanburg County. (ECF No. 13-6).

Proceeding *pro se*, Petitioner filed his first application for post-conviction relief ("PCR") on June 12, 2012. (ECF No. 13-1 at 42–50). In that PCR proceeding, Petitioner asserted that he was being held in custody unlawfully for ineffective assistance of counsel and for involuntary guilty plea. *Id.* The Petitioner asserted ten grounds for his ineffective assistance of counsel claim, but at the evidentiary hearing before the PCR court, he only proceeded on eight of those grounds, which were the following:

1. Counsel failed to inform Applicant of elements of each offense;
2. Counsel failed to advice Applicant of direct consequences;
3. Counsel improperly promised sentence that would be received as a result of guilty plea;
4. Counsel failed to advise Applicant of the consequences of sentencing to avoid the two strikes application;
5. Counsel failed to fully investigate the case;
6. Counsel failed to inform the Applicant of the results from the SLED report;
7. Counsel failed to share the motion of discovery with the Applicant; and
8. Counsel Failed to petition the court, prior to the Applicant's plea, for a *Blair*[2] hearing.

(ECF No. 1-1 at 23–24). Petitioner also proceeded on his claim for involuntary guilty plea. *Id.* Following the evidentiary hearing, the PCR court filed an order denying relief and dismissing the PCR application with prejudice. *Id.* at 21–50. Petitioner appealed with the aid of legal counsel from the South Carolina Commission on Indigent Defense. (ECF No. 13-8). In his Petition for Writ of Certiorari, Petitioner only presented the issue that "trial counsel erred in failing to submit a sentence reconsideration motion and hearing request" challenging Petitioner's sentence. *Id.* at 3.

---

[2] *State v. Blair*, 273 S.E.2d 536 (S.C. 1981) (regarding availability of competency hearings).

On February 10, 2017, the Supreme Court of South Carolina denied the petition. (ECF No. 13-9). Remittitur was issued on February 28, 2017, and filed on March 6, 2017. (ECF No. 13-10).

While his first PCR application was pending, on January 19, 2016, Petitioner filed a second PCR application alleging that he was in custody unlawfully based on "newly discovered evidence."[3] (ECF No. 13-11). The PCR court filed a conditional order of dismissal on April 3, 2017, (ECF No. 13-12), and on June 2, 2017, the PCR court issued a final order of dismissal (ECF No. 13-14). Specifically, the PCR court found that the application was successive and untimely and that Petitioner had failed to satisfy the burden for relief based on "newly discovered evidence." *Id.* Petitioner did not appeal.

Petitioner subsequently filed the instant Petition for writ of habeas corpus on July 21, 2017. Petitioner raises the following grounds for relief, verbatim:

> **Ground One:** Whether the appeals court erred in determining plea counsel was not ineffective for failing to submit a sentencing reconsideration motion and hearing request challenging petitioner's forty year sentence on grounds that such sentence was excessive and in effect the equivalent of a life sentence and reflected little regards for the fact that petitioner's crime stemmed from his mental disorders because the anticipated mental rehabilitation of petitioner would have resulted in his ability to re-enter society as a productive citizen [m]uch sooner.
>
> **Ground Two:** Counsel was ineffective for failing to petition the trial court prior to petitioner's plea for a competency hearing pursuant to S.C. Code § 44-23-430 of the South Carolina Code of Laws.
>
> **Ground Three:** Trial counsel was ineffective as guaranteed under the Sixth and FOURTEENTH Amendments to the United States Constitution, when counsel denied petitioner an opportunity to present a defense of insanity, but instead prepared for a plea.

(ECF No. 1-1 at 1–12). On October 24, 2017, Respondent filed a Motion for Summary Judgment. (ECF No. 14). Petitioner responded on December 17, 2017, (ECF No. 24), and Respondent replied

---

[3] This "newly discovered evidence" was the fact that Solicitor knew the victim's father because the victim's father worked at the courthouse. This fact was stated on the record during the evidentiary hearing before the PCR court regarding the initial PCR application. (ECF No. 13-1 at 75, 77).

on January 3, 2018 (ECF No. 26). The magistrate judge entered her Report on May 17, 2018, recommending the undersigned grant the Respondent's Motion for Summary Judgment (ECF No. 14) and deny the Petition. (ECF No. 36). Petitioner filed objections to the Report (ECF Nos. 38, 40), and Respondent replied to those objections (ECF Nos. 41, 42). Accordingly, the matter is now ripe for review.

## II. DISCUSSION

In her Report, the magistrate judge recommends that the court grant Respondent's Motion for Summary Judgment. (ECF No. 36). Specifically, as to Petitioner's claims regarding the ineffective assistance of counsel for failing to ask the trial court for a competency hearing and for denying Petitioner the opportunity to present a defense of insanity instead of preparing for a plea deal, the magistrate judge determined that Petitioner's claims were procedurally barred. *Id.* at 15–16. As to Petitioner's remaining claim, which asserts that counsel was ineffective for failing to file a motion to reconsider Petitioner's sentence, the magistrate judge concluded that the PCR court's determination that plea counsel was not deficient in this regard was "neither contrary to nor an unreasonable application of applicable Supreme Court precedent." *Id.* at 23. Therefore, the magistrate judge recommended that the undersigned grant Respondent's Motion for Summary Judgment and deny the Petition. *Id.*

Petitioner raises several objections to the Report. (ECF No. 40). The vast majority of Petitioner's objections are nonresponsive to the Report and simply reiterate the claims and facts that were already considered by the magistrate judge. However, the Petitioner did state the following specific objections: (1) that the magistrate judge improperly considered only the facts from the previous hearings and not the facts stated in his Petition;[4] (2) that the magistrate judge

---

[4] Several of Petitioner's enumerated objections have this same underlying basis.

erred in determining that Petitioner had not included a claim in his Petition for being held in custody unlawfully based on newly discovered evidence, which was the basis of his second PCR application; (3) that the magistrate judge erred in determining that grounds two and three of the Petition were procedurally barred; and (4) that the magistrate judge erred in her analysis of the merits of ground one because "[t]he record does not support the state court's findings that plea counsel was indeed effective during representation." (ECF No. 40). For the reasons stated below, the court overrules these objections.

### A. Factual Determinations of the Magistrate Judge

The magistrate judge correctly stated that "state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence." (ECF No. 36 at 10) (citing 28 U.S.C. § 2254(e)(1)). Petitioner objects to this determination because he asserts that he has included facts within his Petition that rebut the findings of the state courts.[5] (ECF No. 40 at 2, 4, 5, 7). After thoroughly reviewing the record, the court finds no facts in the Petition that were not presented to the state courts. In fact, most of the facts in the Petition directly quote or summarize plea counsel's testimony at the evidentiary hearing before the PCR court, which the state court unquestionably reviewed. (ECF No. 1-1). The remaining facts were all properly before the state court in the form of testimony of other witnesses and of Petitioner himself.[6] *Id.* In the order denying PCR relief and dismissing Petitioner's first PCR proceeding, the PCR court judge specifically stated that she had "review[ed] the record in its entirety." (ECF No. 1-1 at 24). Therefore, because Petitioner has not made any factual allegation

---

[5] Specifically, Petitioner asserts that there are "facts throughout his § 2254 motion, which would have changed the outcome of Petitioner's criminal case," (ECF No. 40 at 2), and that, the magistrate judge "did not look at the evidence or issues Petitioner brought forth to contest the strength of the state's case." (ECF NO. 40 at 5). Petitioner reiterates these same claims throughout his objections. (ECF No. 40 at 4, 7).

[6] Plaintiff cites extensively to the transcript of the plea hearing.

in his Petition that was not part of the record before the PCR court, this court finds that the Petitioner has failed to rebut the presumption that the state court's factual determinations are correct. Accordingly, the magistrate judge did not err in relying on the PCR court's factual determinations, and this objection is overruled.

**B. Petitioner's Failure to Assert a Claim Based on "Newly Discovered Evidence"**

Petitioner further objects to the magistrate judge's finding that the Petition did not include a claim for being unlawfully in custody based on newly discovered evidence. (ECF No. 40 at 3–4). However, the magistrate judge was correct that the Petition and its attachments do not include any allegation of newly discovered evidence. Furthermore, the magistrate judge correctly stated that new claims cannot be raised in opposition to a motion for summary judgment. *See Temple v. Oconee Cty.*, No. 6:13-144-JFA-KFM, 2014 WL 4417702, at *13 (D.S.C. Sept. 8, 2014), *aff'd by* 595 Fed. App'x 246 (4th Cir. 2015); *White v. Roche Biomedical Labs., Inc.*, 807 F. Supp. 1212, 1216 (D.S.C. 1992) (stating that "a party is generally not permitted to raise a new claim in response to a motion for summary judgment" but allowing the petitioner's new claim to go forward after "very liberally" construing the complaint).

Here, the only mention of newly discovered evidence in the Petition is in response to the question of whether or not Petitioner had ever filed a type of petition, application, or motion regarding the challenged conviction. (ECF No. 1-1 at 12). Petitioner answered "yes" and described how he had a "currently . . . pending post-conviction action based on newly discovered evidence in Spartanburg County, Court of Common Pleas (2016-CP-42-0281)."[7] *Id.* However, in listing the grounds for the habeas petition currently before this court, Petitioner made no mention in either

---

[7] This PCR proceeding is no longer pending. The PCR court denied relief because the application was successive and untimely. (ECF No. 13-14).

the Petition or in its attachments of a claim for unlawful detainment based on newly discovered evidence. In fact, the first time the Petitioner raised this claim before this court was in his response to Respondent's Motion for Summary Judgment, where he describes the basis for his Second PCR action and states that "he did not fully get to vindicate his rights" and that, therefore he asks for an evidentiary hearing on the issue of newly discovered evidence and implores this court to consider the merits of this claim. (ECF No. 24 at 18–19). Therefore, even in very liberally construing the Petition, the court finds that Petitioner did not raise a claim for unlawfully being detained based on newly discovered evidence, and, therefore, overrules the objection.[8]

### C. Grounds Two and Three – Ineffective Assistance of Counsel for Failing to ask for a Competency Hearing and Failure to Assert Insanity Defense

Petitioner further objects to the magistrate judge's determination that two of his grounds for habeas relief – those asserting ineffective assistance of counsel for failing to ask the trial court for a competency hearing and for failure to allow Petitioner an opportunity to present an insanity defense – are procedurally barred. (ECF No. 40 at 7–8). The PCR court denied relief and dismissed

---

[8] To the extent that Petitioner's pleadings and responses can be liberally construed as an attempt to amend his Petition to include this claim, such amendment would be futile. *See Elrod v. Busch Entm't Corp.* 479 Fed. App'x 550, 551 (4th Cir. 2013) ("An amendment would be futile if the complaint, as amended, would not withstand a motion to dismiss."). Even if the court viewed Petitioner's allegations regarding the newly discovered evidence as true, his claim would still be subject to dismissal. In addition to finding the PCR application untimely and successive, the PCR court addressed the merits of Petitioner's claims and noted that Petitioner "failed to provide any reason why this alleged evidence could not by the exercise of due diligence have been discovered before trial." (ECF No. 13-12 at 4). The PCR court, in its conditional order, gave the Petitioner twenty days to "provide[] specific reasons, factual or legal, why the Application should not be dismissed in its entirety." (ECF No. 13-12 at 7). Petitioner responded, but on June 2, 2017, the PCR court entered a final order of dismissal. (ECF No. 13-14). Specifically, the PCR court found that Petitioner had failed to show that evidence was "newly discovered" because he did not show why he could not have discovered the evidence with due diligence and because "the relationship between the Solicitor and the victim's family [was] irrelevant to [his] guilty plea." (ECF No. 13-14 at 2). Petitioner did not appeal the final PCR court order, and, accordingly, the claim is now procedurally barred. *See Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). Accordingly, Petitioner would need to show cause and actual prejudice to overcome the procedural bar. *See Wainwright v. Sykes*, 433 U.S. 72, 87 (1977) (stating that absent a showing of cause and actual prejudice, a federal court is barred from hearing a claim that was not fairly presented to the highest court of the state). However, as the PCR court addressed, the fact that the Solicitor and the father of the victim knew each other had no bearing on Petitioner's decision to plead guilty to the charges before him, and, therefore, Petitioner has failed to demonstrate that he was actually prejudiced by the "new evidence." Accordingly, amending the Petition to add such claim would be futile.

8

both of these claims. (ECF No. 13-1 at 141–155). However, in his Petition for writ of certiorari to the Supreme Court of South Carolina regarding the denial of his PCR application, Petitioner only raised the issue of trial counsel's failure to ask for a sentencing reconsideration. (ECF No. 13-8). Accordingly, the issues of ineffective assistance of counsel for failure to ask for a competency hearing and failure to assert an insanity defense were not fairly presented to the highest state court for review. As such, the magistrate judge correctly determined that these claims were procedurally barred from federal habeas review absent a showing of cause and actual prejudice. *See Coleman v. Thompson*, 501 U.S. 722, 731 – 32 (1991).

Petitioner asserts that this procedural bar "should be lifted pursuant to an extension of *Martinez v. Ryan*, 132 S. Ct. 1309 (2012)" because PCR appellate counsel "fail[ed] and refus[ed] to raise the issues as requested." (ECF No. 40 at 7–8). Petitioner asserts that counsel's failure to raise the issue amounted to cause for default under *Coleman*. The magistrate judge thoroughly addressed this issue in her Report. (ECF No. 36 at 16–17). As the magistrate judge correctly stated, *Martinez* does not apply to PCR appellate counsel. *See Johnson v. Warden of Broad River Corr. Inst.*, No. 12-7270, 2013 WL 856731, at *1 (4th Cir. Mar. 8, 2013) (per curiam) (holding that an allegation of ineffective assistance of appellate counsel "fall[s] under the general . . . rule that ineffective assistance of post-conviction counsel cannot constitute cause for procedural default," and, therefore, does not fall under the exception in *Martinez*). Therefore, Petitioner has failed to demonstrate cause for default as required under *Coleman*. Accordingly, the court overrules this objection.

**D. Ground One – Ineffective Assistance of Counsel for Failure to File Motion for Reconsideration**

Finally, Petitioner objects to the magistrate judge's recommendation of denial on his claim for ineffective assistance of counsel for to failure to file a motion for reconsideration because

9

Petitioner asserts that the "record does not support the state court's findings." (ECF No. 40 at 5). As the magistrate judge correctly stated, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean that the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 101–02 (2011). The magistrate judge specifically found that the PCR court's denial of this claim "was neither contrary to nor an unreasonable application of applicable Supreme Court precedent." (ECF No. 36 at 22). The magistrate judge noted that the PCR court correctly applied the *Strickland*[9] and *Hill*[10] standards in reviewing this claim and did not arrive at a result that differed from Supreme Court precedent. *Id.* Furthermore, the magistrate judge found that the record supported the PCR court's determination, and that, therefore, the determination was not unreasonable. *Id.*

The court agrees with the magistrate judge. Petitioner attached the PCR court's Order of Dismissal to his Petition. (ECF No. 1-1 at 21–50). The PCR court conducted an evidentiary hearing on this issue, in which the judge was able to "review the record in its entirety" and hear testimony and arguments. (ECF No. 1-1 at 24). During this testimony, the judge was able to observe the witnesses and conduct a credibility analysis. *Id*. At the hearing, both Petitioner and his plea counsel testified regarding no motion for sentencing reconsideration being filed. The court specifically found the testimony of plea counsel to be more credible than the testimony of Petitioner, and the judge thoroughly explained this finding. *Id.* at 32. Additionally, the PCR court noted that Petitioner had not presented "any meritorious claim supporting his argument that Counsel was obligated to

---

[9] Pursuant to *Strickland v. Washington*, in order to prove ineffective assistance of counsel, one must show that counsel's performance was unreasonable and that there is a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. 668, 688–94 (1984).

[10] In *Hill v. Lockhart*, 474 U.S. 52 (1985), the Supreme Court extended the two-part test set forth in *Strickland* to apply to guilty plea challenges based on ineffective assistance of counsel.

file a motion for reconsideration of his sentence or that any such motion would have been successful." *Id.* at 41. Furthermore, the court found counsel's testimony that she "could discern no basis to file a motion for consideration" and "believed filing a motion for consideration would be against her advice and against [Petitioner's] best interests" to be credible. *Id.* In reviewing all of the evidence, including the evidence set forth by Petitioner, the PCR court found that the "sentence imposed by the plea court was reasonable, especially in light of the horrific facts of the underlying event, the strength of the State's case should the Applicant[11] proceed to trial, and the Applicant's potential exposure to life imprisonment." *Id.* As such, in applying the standards under *Strickland*, the PCR court found that counsel "demonstrated the normal degree of skill, knowledge, professional judgment, and representation that are expected of an attorney who practices criminal law in South Carolina" and that counsel's representation "did not fall below an objective standard of reasonableness." (ECF No. 1-1 at 32–33). Accordingly, the court found that counsel's representation of Petitioner was not deficient.

This court finds that the PCR court conducted a thorough review of the facts pertaining to this claim and that the PCR court's determination was reasonable in light of the record. The PCR court addressed plea counsel's performance under the appropriate standards set forth in Supreme Court precedent. After applying these standards to the entire record, including the testimony at the evidentiary hearing, the PCR court determined that plea counsel was not deficient in not moving to reconsider Petitioner's sentencing. As the magistrate judge stated, this court is tasked with deciding "whether or not the state court's application of the *Strickland* standard was reasonable," not with determining whether or not this court would find counsel's performance deficient under *Strickland*. *Richter*, 562 U.S. at 101. Because the PCR court correctly identified the governing

---

[11] The "Applicant" before the PCR court is the "Petitioner" here.

rules set forth in *Strickland* and *Hill* and applied them reasonably to the particular facts in Petitioner's case, this court overrules Petitioner's objection.

### III. Conclusion

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court adopts the Report (ECF No. 36), which is incorporated herein by reference. Accordingly, the Respondent's Motion for Summary Judgment (ECF No. 14) is **GRANTED**. Thus, Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED.**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that this constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain  
United States District Judge

August 16, 2018  
Anderson, South Carolina